NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FITZSIMMONS and BRAD BURNS,<br><br>Defendants. | Civ. No. 18-15<br>(Consolidated with<br>Civ. No. 16-50,<br>Civ. No. 18-29,<br>Civ. No. 18-32, and<br>Civ. No. 19-23)<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon Defendant Michael Fitzsimmons' Motion to Dismiss (ECF No. 6), Plaintiff's Motion for Judgment on the Pleadings (ECF No. 30), Plaintiff's Motions for Default Judgment (ECF Nos. 33, 35, 37, 45), Plaintiff's Motion to Strike an Opposition to a Motion for Entry of Default Judgment (ECF No. 48), and Plaintiff's Motions to Compel Written Discovery (ECF Nos. 91, 93). For the reasons stated herein, Defendant Michael Fitzsimmons' Motion to Dismiss (ECF No. 6) is granted in part and denied in part; Plaintiff's Motion for Judgment on the Pleadings (ECF No. 30) is denied; Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 33, 35, 37, 45) are denied; Plaintiff's Motion to Strike an Opposition to a Motion for Entry of Default Judgment (ECF No. 48) is denied; and Plaintiff's Motions to Compel Written Discovery (ECF Nos. 91, 93) are denied.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

# BACKGROUND

I. **Factual Background**

This case arises out of Plaintiff's claims alleging that Defendant Michael Fitzsimmons and Defendant Brad Burns (collectively, "Defendants") harassed and discriminated against Plaintiff at the Sapphire Village Condominium complex ("Sapphire Village") in St. Thomas. (Compl. ¶¶ 4.1.1–4.2.11, ECF No. 1.) Plaintiff rents a one-bedroom apartment, Apartment 265, in Sapphire Village. (*Id.* ¶ 2.1.) Plaintiff alleges that Defendant Brad Burns made "excessive noise disturbances" by slamming the front and screen doors of his apartment beginning in December 2017 while Defendant Brad Burns was a tenant in Apartment 274. (*Id.* ¶ 4.1.6.) Plaintiff argues that Defendant Brad Burns engaged in this behavior because Plaintiff is black and Haitian. (*Id.* ¶ 4.1.5.) Plaintiff contends that these actions caused Plaintiff to lose sleep and suffer from migraines and exhaustion and forced him to leave his apartment during the day. (*Id.* ¶ 4.1.7.) Plaintiff further alleges that Defendant Brad Burns harassed Plaintiff by blocking Plaintiff's path while Plaintiff walked outside. (*Id.* ¶ 4.1.14.)

The factual basis of Plaintiff's claim against Defendant Michael Fitzsimmons, the attorney representing Sapphire Village Condominium Owners Association ("the Association"), is that Defendant Michael Fitzsimmons sent two letters to Plaintiff's landlord, Emad O'Baidi, that "falsely accused [Plaintiff] of various and continuous problems," including criminal activity, with knowledge that Plaintiff had not committed any crimes. (*Id.* ¶¶ 4.2.7–4.2.9.)

II. **Procedural History**

Plaintiff filed the Complaint on March 5, 2018. (ECF No. 1.)[2] The Complaint alleges

---

[2] Plaintiff has filed several lawsuits alleging racial discrimination prior to this case, including one lawsuit claiming that former Attorney General Jefferson Beauregard Sessions, III, former U.S. Attorney Preetinder Singh Bharara, former Director of the Federal Bureau of Investigation

seven counts: (1) conspiracy to discriminate against Plaintiff in violation of the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601 *et seq.*, 10 V.I.C. § 64 *et seq.*, and 42 U.S.C. §§ 1981–82 against both Defendants (Compl. ¶¶ 5.1.1–5.1.13); (2) defamation and defamation per se against Defendant Michael Fitzsimmons (*id.* ¶¶ 5.2.1–5.2.5); (3) conspiracy against both Defendants (*id.* ¶¶ 5.3.1–5.3.5); (4) tortious interference with Plaintiff's current and prospective lease agreements against Defendant Michael Fitzsimmons (*id.* ¶¶ 5.4.1–5.4.3); (5) nuisance against both Defendants (*id.* ¶¶ 5.5.1–5.5.8); (6) negligence against both Defendants (*id.* ¶¶ 5.6.1–5.6.11); and (7) intentional infliction of emotional distress against both Defendants (*id.* ¶¶ 5.7.1–5.7.9).

Plaintiff timely served Defendant Michael Fitzsimmons on March 7, 2018. (ECF No. 16.) Plaintiff timely served Defendant Brad Burns on July 16, 2018 (ECF No. 28), before the Court granted *nunc pro tunc* Plaintiff's motion to extend the time to serve Defendant Brad Burns (ECF No. 29). Defendant Michael Fitzsimmons filed a Motion to Dismiss on March 27, 2018. (ECF No. 6.) On August 14, 2018, Plaintiff filed a Motion for Judgment on the Pleadings against both Defendants. (ECF No. 30.) Plaintiff filed three Motions for the Clerk of the Court to Enter Default Judgment against Defendant Brad Burns. (ECF Nos. 33, 35, 37.) Plaintiff then filed a Motion for the Clerk of the Court to Enter Default against Defendant Brad Burns. (ECF No. 40.) On April 18, 2019, the Clerk entered default against Defendant Brad Burns. (ECF No. 44.) On April 27, 2019, Plaintiff filed a Motion for the Court to Enter Default Judgment against Defendant Brad Burns. (ECF No. 45.) Defendant Michael Fitzsimmons filed an Opposition to this Motion (ECF No. 47) and Plaintiff filed a Motion to Strike the Opposition (ECF No. 48).

---

("FBI") James Comey, former Deputy Director of the FBI Andrew McCabe, and former Chair of the Securities and Exchange Commission and former U.S. Attorney Mary Jo White, among others, conspired to discriminate against Plaintiff. (*Dorval v. Sessions* et al. Compl. at 2–3, Civ. No. 17-37, ECF No. 1.)

On December 4, 2019, the Court consolidated this case with the following cases: *Dorval v. Sapphire Village Condominium Owners Association* et al., Civ. No. 16-50; *Dorval v. Sapphire Village Condominium Owners Association* et al., Civ. No. 18-29; *Dorval v. Cashio*, Civ. No. 18-32; and *Dorval v. Tinsley*, Civ. No. 19-23. (Letter Order at 1, ECF No. 79.)

On December 14, 2019, Plaintiff filed a Motion to Compel Written Discovery (ECF No. 84), which the Court denied (ECF No. 86). Subsequently, Plaintiff filed two additional Motions to Compel Written Discovery. (ECF Nos. 91, 93.) These Motions, in addition to the aforementioned pending motions, are presently before the Court.

## **LEGAL STANDARDS**

### I. Motion to Dismiss

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must determine whether the "facts . . . are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not

demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings, *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The court may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted). The court may also consider "documents . . . *explicitly relied* upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will not be granted unless the movant 'clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law.'" *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In deciding a Rule 12(c) motion, [the Court] does not consider matters outside of the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004); *see also Bedoya*, 914 F.3d at 816 n.2. "In considering a motion for judgment on the pleadings, [the Court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party . . . ." *Bedoya*, 914 F.3d at 816 n.2 (citation omitted).

**III.    Motion for Entry of Default Judgment**

After an entry of default by the Clerk, a district court may enter default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure against "a properly served defendant who fails to file a timely responsive pleading." *Bank of Nova Scotia v. Brown*, 2008 WL 1787598, at *1 (D.V.I. Apr. 17, 2008) (citing *Anchorage Ass'n v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Default judgment is permissible only if "the plaintiff's well pleaded facts . . . assert a legally sufficient claim for relief." *Mendez v. Puerto Rican Int'l Cos., Inc.*, 2015 WL 721031, at *2 (D.V.I. Feb. 18, 2015) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n.23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.")). In deciding a motion for default judgment, the court must accept as true any facts in the pleadings, except those relating to the amount of damages claimed. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Moreover, default judgment requires: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent person; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service." *Bank of Nova Scotia v. Abdallah*, 2013 WL 1846544, at *4 (D.V.I. May 2, 2013). However, even if default judgment is permissible, the Court must assess three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Entry of default judgment is left primarily to the discretion of the district court. *Hritz*

*v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1990). However, the Third Circuit has stated its preference for cases to be disposed of on the merits when practicable. *Id.* at 1181.

## DISCUSSION

I. **Motion to Dismiss**

    A.    *Count 1: Conspiracy to Discriminate*

Plaintiff alleges that Defendant Michael Fitzsimmons and Defendant Brad Burns conspired to violate the FHA, 42 U.S.C. § 3601 *et seq.*, 10 V.I.C. § 64 *et seq.*, and 42 U.S.C. §§ 1981–82. (Compl. ¶¶ 5.1.1–5.1.13.) Defendant Michael Fitzsimmons argues that the conduct alleged under this count can only be attributed to Defendant Brad Burns. (Mot. to Dismiss Br. at 5, ECF No. 7.) Defendant Michael Fitzsimmons contends that he is only responsible for writing two letters to Plaintiff's landlord to report objections by the Association to Plaintiff's conduct. (*Id.*) However, at the motion-to-dismiss stage of the case, Plaintiff has adequately alleged that Defendant Michael Fitzsimmons and Defendant Brad Burns plausibly agreed with one another and with the defendants in the consolidated cases to discriminate against Plaintiff in violation of one or more statutory provisions prohibiting discrimination. Accordingly, Defendant Michael Fitzsimmons' Motion to Dismiss is denied with respect to Count 1.

    B.    *Count 2: Defamation and Defamation Per Se*

Plaintiff alleges that Defendant Michael Fitzsimmons defamed Plaintiff by sending two letters to Plaintiff's landlord, Emad O'Baidi.[3] (Compl. ¶ 5.2.2.) The first letter, dated May 26, 2016, discusses the "number of legal issues [that arose] from [Plaintiff's] occupation of Unit

---

[3] In considering a Motion to Dismiss, the Court generally cannot look to materials extraneous to the pleadings. *See* Fed. R. Civ. P. 12(d). However, the Court is permitted to consider "matters incorporated by reference or integral to the claim." *Buck*, 452 F.3d at 260. Defendant Michael Fitzsimmons' letters are integral to Plaintiff's claim and relied upon in the Complaint. (*See* Compl. ¶ 5.2.2.) The Court can therefore consider the letters at the motion-to-dismiss stage.

7

265." (May 26 Letter at 1, ECF No. 7-1.) These legal issues include threats, assault, harassment, and disturbance of the peace potentially in violation of the V.I. Criminal Code; "tortious interference in the business of unit owners who lose revenue and reputation as a result of [Plaintiff's] conduct"; private and public nuisance; and potential battery. (*Id.*) Defendant Michael Fitzsimmons concluded the first letter by stating that "[s]ome of the civil claims listed above could be asserted against [Mr. O'Baidi] as well as against [Plaintiff] to the extent that [Mr. O'Baidi] [was] aware of the situation and [did] nothing to rectify it." (*Id.* at 2.) Defendant Michael Fitzsimmons followed up with Mr. O'Baidi on June 8, 2016. (ECF No. 7-2.) In his June letter, Defendant Michael Fitzsimmons provided a summary of the potential legal issues stemming from Plaintiff's conduct and informed Mr. O'Baidi that "[o]ne of [the Sapphire Village] owners ha[d] instructed [Defendant Michael Fitzsimmons] to file a lawsuit against [Plaintiff]," that "[t]he other owner is considering joining but has not yet signed up," and that the Association was "considering an action against [Mr. O'Baidi] to enforce various By-Laws and Rules & Regulations." (June 8 Letter at 1, ECF No. 7-2.)

> The elements of a defamation claim under Virgin Islands law are:
>
> (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (d) either the actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Kendall v. Daily News Pub. Co.*, 55 V.I. 781, 788 (V.I. 2011) (quoting Restatement (Second) of Torts § 558 (1977)).[4] "A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial

---

[4] "[B]y virtue of 1 V.I.C. § 4, the [American Law Institute] Restatements are the rules of decisions in the Virgin Islands absent local law to the contrary." *Ross v. Bricker*, 770 F. Supp. 1038, 1042 (D.V.I. 1991); *see also Chapman v. Cornwall*, 58 V.I. 431, 444 (V.I. 2013) (applying the Second Restatement rule in a defamation case).

proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." Restatement (Second) of Torts § 587 (1977). This absolute privilege "protects a party to a private litigation . . . from liability for defamation irrespective of his purpose in publishing the defamatory matter, or his belief in its truth or even his knowledge of its falsity." *Id.* § 587 cmt. a.

Defendant Michael Fitzsimmons is the Association's attorney and sent the letters at issue on behalf of the Association. (Compl. ¶ 5.2.2.) His communications are "preliminary to a proposed judicial proceeding." The letters discuss the desire of Defendant Michael Fitzsimmons' client to bring a lawsuit against Plaintiff and potentially Mr. O'Baidi, as well the bases for such a lawsuit. Accordingly, Plaintiff fails to state a claim for defamation because Defendant Michael Fitzsimmons' letters are absolutely privileged.

Plaintiff has also failed to state a plausible claim for defamation per se. Under Virgin Islands law, "[a] disparaging remark that tends to harm someone in his business or profession is actionable irrespective of harm as such a remark falls within the definition of slander or defamation per se." *Kantz v. Univ. of the V.I.*, 2016 WL 2997115, at *21 (D.V.I. May 19, 2016) (citations omitted). "Statements that are deemed to harm an individual's business or professional reputation either 'impugn the integrity of the individual with respect to their job performance' or 'attack the competence or skill of the employee in carrying out his or her duties.'" *Id.* (citations omitted). Plaintiff has not alleged facts that demonstrate that he has experienced such harm, nor has Plaintiff argued any other valid basis for defamation per se. Consequently, Count 2 of the Complaint is dismissed.

C. *Count 3: Conspiracy*

Under Virgin Islands law, a civil conspiracy "consists of an agreement or combination to

perform a wrongful act that results in damage to the plaintiff" or "an agreement to do a lawful act by unlawful means." *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 955 F. Supp. 441, 456 (D.V.I. 1997). Defendant Michael Fitzsimmons contends that Plaintiff's conspiracy claims against him are implausible because Plaintiff "does not allege that Attorney Fitzsimmons was roaming the condominium complex himself, night and day, slamming doors, or urging Mr. Burns to do so." (Mot. to Dismiss Br. at 10–11.) However, as in Count 1, Plaintiff has stated sufficient facts at the motion-to-dismiss stage to plausibly allege that Defendants Michael Fitzsimmons and Brad Burns agreed with each other and with the defendants in the consolidated cases to engage in the conduct that Plaintiff maintains occurred at Sapphire Village.

    D.    *Count 4: Tortious Interference with Lease Agreements*

The elements of a claim for tortious interference with a contract under Virgin Islands law are "that (1) the accused intentionally (2) and improperly interfered (3) with the performance of a contract between the movant and a third party (4) by inducing or preventing a third party from performing the contract." *Edwards v. Marriott Hotel Mgmt. Co. (V.I.), Inc.*, 2015 WL 476216, at *9 (D.V.I. Jan. 29, 2015) (citing *Benjamin v. Thomas Howell Grp.*, 2002 WL 31573004, at *3 (D.V.I. Apr. 22, 2002), *aff'd sub nom. Benjamin v. Gen. Accident Ins. Co. of P.R.*, 90 F. App'x 434 (3d Cir. 2004)). Plaintiff initially signed a one-year lease from October 1, 2015 through September 29, 2016. (Compl. ¶ 2.1.) Defendant Michael Fitzsimmons sent letters to Mr. O'Baidi in May and June of 2016. (*Id.* ¶ 5.2.2.) At the end of his one-year lease, Plaintiff's landlord permitted Plaintiff to renew the lease agreement, but only on a month-to-month basis—under Plaintiff's theory, because of Defendant Michael Fitzsimmons' letter articulating complaints raised against Plaintiff. (*Id.* ¶ 5.4.2.) At the motion-to-dismiss stage, Plaintiff has plausibly pleaded that Defendant Michael Fitzsimmons' letters interfered with Plaintiff's lease at Sapphire

10

Village. Defendant Michael Fitzsimmons' Motion to Dismiss is therefore denied with respect to Count 4.

E.   *Count 5: Nuisance*

Under Virgin Islands law, a private nuisance "is an invasion of another's interest in the private use and enjoyment of land." *Bermudez v. V.I. Tel. Corp.*, 54 V.I. 174, 193 (V.I. Super. Ct. 2011) (citing Restatement (Second) of Torts § 821D (1977)). The phrase "interest in use and enjoyment" "comprehends the pleasure, comfort and enjoyment that a person normally derives from the occupancy of land." Restatement (Second) of Torts § 821D cmt. b (1977). Under the Restatement, the invasion must be either "(a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities." *Id.* § 822. Sending letters detailing the legal claims being contemplated by Defendant Michael Fitzsimmons' client was not unreasonable. *Cf. supra* Section I.B. Therefore, Plaintiff's claims against Defendant Michael Fitzsimmons in Count 5 are dismissed.

F.   *Count 6: Negligence*

The elements of negligence are "(1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff." *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (V.I. 2014). The factual bases of Plaintiff's theory of negligence against Defendant Brad Burns are that Defendant Brad Burns slammed doors (Compl. ¶ 5.6.5), "blocked [Plaintiff's] path and rubbed his body against [Plaintiff's] bodily [sic]" (*id.* ¶ 5.6.6), and "blocked the entry way to [Plaintiff's] building for more than 10 minutes, then . . . deliberately and purposely stood in front of [Plaintiff's] apartment door for more than 5 minutes thereby preventing [Plaintiff] access to [his] apartment"

11

(*id.* ¶ 5.6.7). Whether Plaintiff has plausibly alleged that Defendant Brad Burns may have had a duty as a tenant of a Sapphire Village apartment, breached that duty, and caused harm to Plaintiff is not before the Court at the motion-to-dismiss stage of this case. However, the Complaint does not contain any allegation that Defendant Michael Fitzsimmons breached any duty that he may have owed to Plaintiff by sending letters that were incontrovertibly sent in anticipation of litigation. Therefore, Plaintiff's negligence claim is dismissed with respect to Defendant Michael Fitzsimmons.

      G.    *Count 7: Intentional Infliction of Emotional Distress*

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." Restatement (Second) of Torts § 46 (1977). Plaintiffs can only state a valid claim for intentional infliction of emotional distress "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Mina v. Hotel on the Cay Time-Sharing Ass'n, Inc.*, 62 V.I. 210, 214 (V.I. Super. Ct. 2015) (quoting Restatement (Second) of Torts § 46 cmt. d (1977)) (concluding that the Restatement (Second) of Torts § 46 reflects the common law of the United States Virgin Islands).

A claim for intentional infliction of emotional distress "cannot lie where 'the gravamen of the complaint sounds in defamation.'" *Illaraza v. Hovensa, LLC*, 2014 WL 5859168, at *19 (D.V.I. Nov. 12, 2014) (citation omitted). The gravamen of Plaintiff's claims against Defendant Michael Fitzsimmons in Count 7 does not simply sound in defamation; it is a restatement of Plaintiff's defamation claims. (*See* Compl. ¶ 5.7.6.) Therefore, Plaintiff's claims against Defendant Michael Fitzsimmons in Count 7 are dismissed.

## II. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure explicitly states that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). When Plaintiff filed the Motion for Judgment on the Pleadings on August 14, 2018 (ECF No. 30), the Motion to Dismiss presently before the Court (ECF No. 6) was still pending; neither of the Defendants had filed an answer at that point. Because the pleadings in this case were not closed at that time, Plaintiff's Motion was premature. Therefore, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 30) is denied.

## III. Motions for Entry of Default Judgment

In Plaintiff's first three Motions for Entry of Default Judgment presently before the Court, Plaintiff requested that the Clerk of the Court enter default judgment. (1st Mot. for Default J. at 1–2, ECF No. 33; 2d Mot. for Default J. at 1–2, ECF No. 35; 3d Mot. for Default J. at 1–2, ECF No. 37.) However, default judgment is the second step of a two-step process. "Prior to obtaining a default judgment under either Rule 55(b)(1) [of the Federal Rules of Civil Procedure] or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (citation omitted). Because Plaintiff sought default judgment from the Clerk of the Court before the Clerk entered any default in this case, Plaintiff's first three Motions for Entry of Default Judgment (ECF Nos. 33, 35, 37) are denied as premature.

On March 26, 2019, Plaintiff filed a motion for the Clerk of the Court to enter default against Defendant Brad Burns (ECF No. 42), and the Clerk entered default against Defendant Brad Burns on August 18, 2019 (ECF No. 44). Plaintiff's fourth Motion for Entry of Default Judgment requests that the Court enter default judgment against Defendant Brad Burns. (4th

Mot. for Default J. at 1, ECF No. 45.) "A motion for default judgment must contain evidence, by affidavits and/or documents, of the following: '(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act.'" *Abdallah*, 2013 WL 1846544, at *4 (citing *Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation & Finishing Trades Inst. Funds v. Village Glass, Inc.*, 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012)) (other citations omitted); *see also* 50 U.S.C. § 3931(a)–(b).

Plaintiff's Motion is procedurally deficient because it does not include affidavits or documents indicating the amount of judgment and how it was calculated, nor an affidavit of non-military service. Therefore, Plaintiff's Motion for Entry of Default Judgment against Defendant Brad Burns (ECF No. 45) is denied.

## IV. Motion to Strike Opposition

In response to Plaintiff's Motion for Entry of Default Judgment against Defendant Brad Burns, Defendant Michael Fitzsimmons filed an Opposition. (ECF No. 47.) Plaintiff subsequently filed a Motion to Strike Defendant Michael Fitzsimmons' Opposition. (ECF No. 48.) Plaintiff argues that Defendant Michael Fitzsimmons' attorney is not Defendant Brad Burns' attorney and has not filed an appearance on behalf of Defendant Brad Burns. (Mot. to Strike at 1, ECF No. 48.) Other than citing Rule 5.2 of the Local Civil Rules, which requires attorneys for parties in any cause of action to promptly file appearances with the Clerk of the Court (*id.*), Plaintiff's Motion to Strike does not cite any other legal authority supporting the proposition that Defendant Michael Fitzsimmons' attorney could not file an Opposition to Plaintiff's Motion for

Entry of Default Judgment. Even if Plaintiff had cited such a legal principle, Defendant Michael Fitzsimmons' attorney was manifestly representing the interests of her own client in the Opposition. (*See* Opp'n to 4th Mot. for Default J. at 4, ECF No. 47 (arguing that subjecting Defendant Brad Burns to a default judgment would create a foreseeable "inconsistent verdict" and prejudice Defendant Michael Fitzsimmons).) Plaintiff's Motion to Strike the Opposition is therefore denied.

## V. Motion to Compel Written Discovery

Discovery in this case is closed. Plaintiff's Motions to Compel Written Discovery (ECF Nos. 91, 93) are therefore denied as moot. In any case, the present Motions to Compel Written Discovery are nearly identical to Plaintiff's previous Motion to Compel Written Discovery (ECF No. 84), which the Court denied on December 16, 2019. (*See generally* Mots. to Compel Written Disc., ECF Nos. 91, 93; *see also* Mot. to Compel Order at 1, ECF No. 86.)

## CONCLUSION

For the reasons stated herein, Defendant Michael Fitzsimmons' Motion to Dismiss (ECF No. 6) is granted in part and denied in part; Plaintiff's Motion for Judgment on the Pleadings (ECF No. 30) is denied; Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 33, 35, 37, 45) are denied; Plaintiff's Motion to Strike an Opposition to a Motion for Entry of Default Judgment (ECF No. 48) is denied; and Plaintiff's Motions to Compel Written Discovery (ECF Nos. 91, 93) are denied. An appropriate Order will follow.

Date: January 21, 2020 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.