NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL FITZSIMMONS *et al.*,<br><br>        Defendants. | Civ. No. 18-15<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

**INTRODUCTION**

This matter comes before the Court upon the Motion for Attorney's Fees filed by Defendant Michael Fitzsimmons. (ECF No. 124.) Plaintiff Wilnick Dorval has not opposed. The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant Fitzsimmons' Motion is granted in part and denied in part.

**BACKGROUND**

This case arises out of Plaintiff's claims alleging that Defendant Michael Fitzsimmons and Defendant Brad Burns (collectively, "Defendants") harassed and discriminated against Plaintiff at the Sapphire Village Condominium complex ("Sapphire Village"). (Compl. ¶¶ 4.1.1–4.2.11, ECF No. 1.) Plaintiff alleged seven counts against Defendant Fitzsimmons: (1) conspiracy to discriminate against Plaintiff in violation of the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601 *et seq.*, 10 V.I.C. § 64 *et seq.*, and 42 U.S.C. §§ 1981–82 (*id.* ¶¶

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

5.1.1–5.1.13); (2) defamation and defamation per se (*id.* ¶¶ 5.2.1–5.2.5); (3) conspiracy (*id.* ¶¶ 5.3.1–5.3.5); (4) tortious interference with Plaintiff's current and prospective lease agreements (*id.* ¶¶ 5.4.1–5.4.3); (5) nuisance (*id.* ¶¶ 5.5.1–5.5.8); (6) negligence (*id.* ¶¶ 5.6.1–5.6.11); and (7) intentional infliction of emotional distress (*id.* ¶¶ 5.7.1–5.7.9). On January 23, 2020, the Court granted in part and denied in part Defendant Fitzsimmons' Motion to Dismiss, dismissing Counts Two, Five, Six, and Seven. (ECF No. 114.) Plaintiff filed four cases with related allegations, which were consolidated with the present case for trial. (ECF No. 79.) A bench trial was held on January 6–8, 2020. On February 26, 2020, the Court issued its Findings of Fact and Conclusions of Law (ECF No. 122) and entered Judgment in favor of Defendant Fitzsimmons on all remaining counts (ECF No. 123).

On March 5, 2020, Defendant Fitzsimmons filed the present Motion for Attorney's Fees. (ECF No. 124.) Defendant Fitzsimmons requests $49,450.35, which was calculated from 166.67 hours of billable work. (Ledger at 19, Ex. 1, ECF No. 124-2.) Maria Hodge, the lead attorney, submits that she worked for 128.92 hours at a rate of $325.00 per hour, while Matthew Hodge, an associate, worked for 37.75 hours at a rate of $200.00 per hour. (Hodge Affirm at 2, ECF No. 124-1.) Maria Hodge states that this hourly rate is "below the current hourly rate charged by the undersigned, and was allowed as a special accommodation." (Def.'s Br. at 5, ECF No. 125.) Plaintiff has not opposed. The Motion for Attorney's Fees is presently before the Court.

## LEGAL STANDARD

Within fourteen days of the entry of judgment, a party may move for attorney's fees, specifying the legal grounds entitling it to fees and an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(A)–(B). Generally, absent legislation to the contrary, litigants must bear their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257

(1975). However, § 3613(c)(2) of the FHA allows a prevailing party to recover "reasonable attorney's fees and costs." Similarly, 42 U.S.C. § 1988(b) allows for the awarding of attorney's fees and costs in any action to enforce a provision of § 1981, § 1982, or § 1985. For a prevailing defendant to recover fees and costs in these types of actions, the Court must find that the action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978); *see also Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) (applying the *Christiansburg* rule to § 3613(c)(2)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (applying the *Christiansburg* rule to § 1988(b)). Additionally, 5 V.I.C. § 541(b) allows for recovery of attorney's fees and costs for claims brought under Virgin Islands territorial law. *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312–13 (3d Cir. 2014).

The fee awarded should be "a fair and reasonable portion of [the] attorney's fees incurred in the prosecution or defense of the action." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). To determine reasonableness, the Court considers "the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation." *M & T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008)). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. "First, the Court determines whether the hours billed were 'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Berne Corp. v. Gov't of V.I.*, 2012 WL 369535, at *10 (D.V.I. Feb 3, 2012)). Second, the Court determines "whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community 'for similar services by lawyers

3

of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. *Rode*, 892 F.2d at 1183.

## **DISCUSSION**

Defendant Fitzsimmons prevailed on all of Plaintiff's claims against him. As a preliminary matter, the Court must first decide whether Defendant Fitzsimmons can recover fees for the federal claims at issue. The only federal claims are contained in Count One of the Complaint, which alleges violations of the FHA, § 1981, and § 1982. To determine whether Defendant can recover fees, the Court must consider whether Plaintiff's claims were frivolous or without foundation. *See Christiansburg*, 434 U.S. at 421–22. Plaintiff's claims were clearly without merit: Plaintiff provided no evidence at trial indicating a conspiracy among Defendants to discriminate against Plaintiff, and Plaintiff testified that he believed the alleged actions were part of a larger conspiracy orchestrated by various branches of the federal government. (Findings at 17–22, ECF No. 122.) Accordingly, Defendant can recover on the federal claims. Since recovery for the territorial claims is also permitted under 5 V.I.C. § 541(b), the Court finds that Defendant can recover fees for all of Plaintiff's claims.

Next, the Court must decide whether the hours billed are reasonable given the length of the case, the number of filings, and the complexity of the claims. In this case's two-year span, Plaintiff filed nineteen motions and Defendant filed four opposition briefs in response. Defendant also filed and fully briefed a motion to dismiss. Many of Plaintiff's motions lacked merit, were duplicative, or were directed at Defendant Burns, such that they required little time and attention by defense counsel. (*See, e.g.*, ECF Nos. 33, 35, 37, 40 (all seeking default judgment against Brad Burns).) Accordingly, the majority of Maria Hodge's time was dedicated

to trial preparation as well as the three-day trial and subsequent closing arguments. Although Plaintiff's allegations did not require a complex defense,[2] the fact that Plaintiff filed four related cases added a layer of complexity, requiring counsel to examine the allegations and court rulings in those cases and coordinate with other defense attorneys. Given these considerations, the hours reported in the Ledger with respect to Maria Hodge's activities appear reasonable. The one exception is the final item in the Ledger, which indicates that defense counsel spent 7.5 hours reviewing this Court's final Opinion and emailing it to her client with "brief comments." (Ledger at 18.) The Court finds this amount of time to be excessive, and thus reduces that entry from 7.5 to 3.5 hours. Accordingly, 4 hours are deducted from Maria Hodge's total hours.

Regarding the hours marked for Matthew Hodge, his tasks before trial included "preparing the trial book and exhibits" and "preparing the . . . indexed deposition transcripts." (*Id.* at 15–16.) Additionally, Matthew Hodge's tasks at trial were "to assist with presentation of electronic exhibits, etc." (*Id.* at 16–17.) These duties are more akin to those of a paralegal, and fees for paralegal work are generally not recoverable under Virgin Islands law. *See, e.g.*, *Arrow-Pocono Lines, Inc. v. Land*, 2016 WL 2637819, at *7 (D.V.I. May 6, 2016) ("Courts applying [Virgin Islands law] have declined to award fees for paralegals."). Therefore, the 32.75 hours that Matthew Hodge spent on these tasks are deducted from the total calculated hours. However, the 5 hours spent by Matthew Hodge reviewing and comparing the complaints and filings in the related cases "to identify allegations and court findings that are relevant to or are included in the present case" (Ledger at 9–10) can be considered legal work and therefore are recoverable.

---

[2] For example, Defendant Fitzsimmons had a clear defense of privilege to Plaintiff's defamation claim, which also undermined the negligence, nuisance, and intentional infliction of emotional distress claims. (*See* Op. at 9, 11–12, ECF No. 115.) Plaintiff also presented no persuasive evidence at trial of a conspiracy to racially discriminate against him, which made the defense relatively straightforward. (Findings at 17–22.)

5

Finally, the Court must determine a reasonable hourly rate for each attorney. "Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Soto*, 2015 WL 1529587, at *4 (citing *Anthony* ex rel. *Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)). More recently, a court in this district found that an hourly rate of $325.00 was reasonable for an attorney with almost forty years of legal experience, and an hourly rate of $250.00 was reasonable for an associate with eight years of legal experience. *U.S. Postal Serv. Fed. Credit Union v. Edwin*, 2018 WL 1077291, at *4 (D.V.I. Feb. 27, 2018). "The burden rests on the fee applicant to produce satisfactory evidence, in addition to counsel's own affidavits, that the rates sought are in line with prevailing rates in the community for similar services, by lawyers of reasonably comparable skill, experience, and reputation." *Pollara v. Ocean View Inv. Holding LLC*, 2015 WL 4735205, at *3 (D.V.I. May 21, 2015).

Defendant proposes a rate of $325.00 per hour for Maria Hodge, who is a partner at her law firm. Defendant does not indicate Maria Hodge's years of experience and does not make any showing as to why the fee should be upwards of $300.00. Accordingly, her hourly rate is adjusted to $300.00 per hour. Regarding Matthew Hodge, Defendant proposes a rate of $200.00 per hour. Defendant provides no information as to Matthew Hodge's level of experience, or as to the typical rate for attorneys with a comparable level of experience, to support the proposed hourly rate. For this reason, the Court will reduce the rate to $175.00 per hour.

Based on the above adjustments, the total number of hours billed by Maria Hodge is reduced to 124.92, at an hourly rate of $300.00. Additionally, the total number of hours billed for Matthew Hodge is reduced to 5, at an hourly rate of $175.00. Accordingly, Defendant Fitzsimmons is awarded $38,351.00 in attorney's fees.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Attorney's Fees is granted in part and denied in part. An appropriate Order will follow.

Date: <u>May 11, 2020</u>  /s/ *Anne E. Thomson*
ANNE E. THOMPSON, U.S.D.J.